**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RAUL MARIN TRIANA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>     Plaintiff,<br><br>v.<br><br>OAS GROUP, INC.<br>d/b/a POKI DISTRICT<br>906 F Street NW<br>Washington, DC 20004<br><br>PDDC, INC.<br>d/b/a POKI DC DOWNTOWN<br>1399 New York Avenue NW<br>Washington, DC 20005<br><br>GARY S. NGO<br>13732 Night Sky Drive<br>Silver Spring, MD 20906<br><br>GUAN YUN ZHU<br>a/k/a EASON ZHU<br>7510 Morris Street<br>Fulton, MD 20759<br><br>     Defendants. | Civil Action No. _____ |

**COMPLAINT**

1.     While Plaintiff worked for Defendants' Hawaiian restaurants, Defendants paid him a flat semimonthly salary that denied him minimum and overtime wages.

2.     Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C.

Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff Raul Marin Triana is an adult resident of Maryland.

6. Defendant OAS Group, Inc. is a Maryland corporate entity. It does business as Poki District. Its principal place of business is located at 906 F Street NW, Washington, DC 20004. Its registered agent for service of process is Guan Yun Zhu, 906 F Street NW, Washington, DC 20004.

7. Defendant PDDC, Inc. is a District of Columbia corporate entity. It does business as Poki DC Downtown. Its principal place of business is located at 1399 New York Avenue NW, Washington, DC 20005. Its registered agent for service of process is Kam Yiu Wong, 1895 L Street NW, Suite R5, Washington, DC 20036.

8. Defendant Gary S. Ngo is an adult resident of Maryland. He resides at 13732 Night Sky Drive, Silver Spring, MD 20906. He is an owner and officer of Defendant OAS Group, Inc. and PDDC, Inc. He exercises control over the operations of OAS Group, Inc. and PDDC, Inc. — including their pay practices.

9. Defendant Guan Yun Zhu is an adult resident of Maryland. He resides at 7510 Morris Street, Fulton, MD 20759. He is an officer of Defendant OAS Group, Inc. and PDDC, Inc. He exercises control over the operations of OAS Group, Inc. and PDDC, Inc. — including their pay practices.

## Factual Allegations

10. Defendants own and operate three "Poki" restaurants in the District of Columbia. Plaintiff worked at two of these: one located at 906 F Street NW, Washington, DC 20004, and one located at 1399 New York Avenue NW, Washington, DC 20005.

11. Plaintiff worked at the Poki located at 906 F Street NW from approximately June 4, 2018 through approximately December 30, 2018.

12. Plaintiff was transferred to the Poki located at 1399 New York Avenue NW by Guan Yun Zhu on approximately January 7, 2019, and he worked there through approximately March 31, 2019.

13. On April 1, 2019, Guan Yun Zhu transferred Plaintiff back to the Poki located at 906 F Street NW. He worked there until the end of his employment, on approximately September 18, 2019.

14. Plaintiff worked at Poki as a kitchen laborer.

15. Plaintiff's job duties at Poki primarily consisted of cleaning and cutting fish, taking orders from customers, and cleaning the restaurant.

16. Plaintiff typically and customarily worked six days per week.

17. When Plaintiff worked at the 906 F Street location, he typically and customarily worked sixty three hours per week.

18. When Plaintiff worked at the 906 F Street location, he typically and customarily worked the following schedule:

|  | **Start Time** | **End Time** | **Break Time** | **Hours Worked** |
|---|---|---|---|---|
| Monday | 10:30 a.m. | 9:00 p.m. | – | 10.5 |
| Tuesday | 10:30 a.m. | 9:00 p.m. | – | 10.5 |
| Wednesday | 10:30 a.m. | 9:00 p.m. | – | 10.5 |
| Thursday | 10:30 a.m. | 9:00 p.m. | – | 10.5 |
| Friday | 10:30 a.m. | 9:00 p.m. | – | 10.5 |
| Saturday | 10:30 a.m. | 9:00 p.m. | – | 10.5 |
| Sunday | Off | | | |
|  |  |  |  | **63.0 hours total** |

19. While Plaintiff was working at the 906 F Street location, Defendants provided him with the following timesheet:

| F ST | 27 | 28 | 29 | 30 | 31 | 1 | 2 |
|---|---|---|---|---|---|---|---|
|  | Mo | Tu Fish | We | Th Fish | Fr | Sa | Su |
| Alvaro | 10:30-4:30 | 10:30-4:30 | 10:30-4:30 | 10:30-9 | 10:30-9 |  |  |
| Blanca | 10-9 | 10-9 | 10-9 | 10-9 | 10-9 |  |  |
| Rual | 10:30-9 | 10:30-9 | 10:30-9 | 10:30-9 | 10:30-9 | 10:30-9 |  |

20. When Plaintiff worked at the 1399 New York Avenue location, he typically and customarily worked sixty six hours per week.

21. When Plaintiff worked at the 1399 New York Avenue location, he typically and customarily worked the following schedule:

|  | **Start Time** | **End Time** | **Break Time** | **Hours Worked** |
|---|---|---|---|---|
| Monday | 10:00 a.m. | 9:15 p.m. | – | 11.25 |
| Tuesday | 10:00 a.m. | 9:15 p.m. | – | 11.25 |
| Wednesday | 10:00 a.m. | 9:15 p.m. | – | 11.25 |
| Thursday | 10:00 a.m. | 9:15 p.m. | – | 11.25 |
| Friday | 10:00 a.m. | 9:15 p.m. | – | 11.25 |
| Saturday | 11:30 a.m. | 9:15 p.m. | – | 9.75 |
| Sunday |  | Off |  |  |
|  |  |  |  | **66.0 hours total** |

22. At all relevant times, Defendants paid Plaintiff a semimonthly salary.

23. Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Jun. 04, 2018–Dec. 30, 2018 | $1,200.00 | $8.79 |
| Jan. 07, 2019–Feb. 17, 2019 | $1,250.00 | $8.74 |
| Feb. 18, 2019–Sep. 18, 2019 | $1,300.00 | $9.09–$9.52 |

24. At all relevant times, Defendants paid Plaintiff in cash.

25. Plaintiff typically worked more than forty hours per workweek for Defendants.

26. Defendants paid Plaintiff the same effective hourly rate across all hours worked.

27. Defendants did not pay Plaintiff overtime wages — or one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty in a workweek.

28. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable D.C. minimum wage.

29. D.C. law requires that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

30. Defendants owe Plaintiff approximately $28,113.56 in minimum and overtime wages (excluding liquidated damages).

31. Defendants Gary S. Ngo and Guan Yun Zhu played a role in hiring Plaintiff.

32. Defendants Gary S. Ngo and Guan Yun Zhu played a role in firing Plaintiff.

33. Defendant Guan Yun Zhu set Plaintiff's work schedule.

34. Defendant Guan Yun Zhu personally supervised Plaintiff.

35. Defendant Guan Yun Zhu set Plaintiff's hourly rate.

36. Defendant Guan Yun Zhu handed Plaintiff his payment.

37. At all relevant times, Defendants had the power to hire and fire Plaintiff.

38. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

39. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

40. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

41. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of forty hours in any one workweek.

42. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable D.C. minimum wage.

43. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

44. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

45. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

46. At all relevant times, Defendants had employees who handled food products, such as fish, rice, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

47. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

49. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

50. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

51. Defendants' violations of the FLSA were willful.

52. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

53. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

54. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

55. The DCMWA requires that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

56. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

57. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

58. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

59. Defendants' violations of the DCMWA were willful.

60. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

### COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

61. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

62. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

63. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

64. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

65. For purposes of the DCWPCL, "wages" include, among other things, minimum, and overtime wages. D.C Code § 32-1301(3).

66. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

67. Defendants' violations of the DCWPCL were willful.

68. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $115,740.84, and grant the following relief:

    a.    Award Plaintiff $112,454.24, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.    Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $2886.60.

    d.    Award Plaintiff court costs (currently, $400.00); and

    e.    Award any additional relief the Court deems just.

Date: October 17, 2019 Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*